UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. S1-4:06 CR 60 ERW |
| | ) | DDN |
| ROBERT D. BELL, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This action is before the Court upon the pretrial motions of the parties which were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). An evidentiary hearing was held on July 5, 2007.

The government has moved for a pretrial determination of the admissibility of evidence (Doc. 37), and defendant Robert D. Bell has moved to suppress identifications (Doc. 38), and for severance of counts (Doc. 39).

Joinder and severance of counts

Defendant Bell is charged in Count 1 with bank robbery of the UMB Bank in St. Charles, Missouri, on April 29, 2004, and in Count 2 with robbery of the same bank on March 14, 2005. In determining whether defendant is entitled to a separate trial for each count, the court must decide whether joinder was proper under Federal Rule of Criminal Procedure 8; and, if proper, whether defendant is entitled to severance under Federal Rule of Criminal Procedure 14; or, if joinder was improper under Rule 8, whether the joinder is likely to affect the defendant's substantial rights under Federal Rule of Criminal Procedure 52(a).

Rule 8(a) allows the joinder of offenses in one indictment, if the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." See Fed. R. Crim. P. 8(a). "The rule is broadly construed in favor of joinder to promote the efficient

administration of justice." United States v. Johnson, 462 F.3d 815, 821 (8th Cir. 2006), cert. denied, 127 S. Ct. 1859 (2007). The Eighth Circuit has described "same or similar character" to include offenses that are of the same type, which occur over a relatively short period of time, and where there is overlapping evidence. United States v. Rodgers, 732 F.2d 625, 629 (8th Cir. 1984)(quoting United States v. Shearer, 606 F.2d 819, 820 (8th Cir. 1979). In this case, defendant Bell is charged with two offenses that are identical in nature and factually similar, robberies of the same bank. While the offenses occurred almost a year apart, according to evidence adduced during the suppression hearing, they occurred sufficiently close in time to warrant bank employee witnesses to the second robbery to remember the characteristics of the person who committed the first robbery. Further, the government has indicated it intends to offer evidence of the similarities of the two robberies under Federal Rule of Evidence 404(b). Therefore, joinder was proper under Rule 8(a). See United States v. Osborn, No. 4:05-CR-00109-12 JLH, 2007 WL 1381653, at *1-2 (E.D. Ark. May 10, 2007)(denial of motion to sever); United States v. Lawson, 173 F.3d 666, 671 (8th Cir. 1999)(joinder of four counts of felon in possession of firearm proper under rule); United States v. L'Allier, 838 F.2d 234, 241 (7th Cir. 1988)(two armed robberies properly joined); Rodgers, 732 F.2d at 630.

  Defendant argues that severance must be ordered, because there would be sufficient prejudice by the joinder of the counts, and because the jury will be unable to compartmentalize the evidence regarding each offense. In this case, the pretrial proceedings, including the evidence adduced during the suppression hearing,[1] and the description of the government's evidence described in its memorandum filed in opposition to the motion for severance, indicate that the government's trial evidence will be similar in each case, that the trial is likely to be short in duration, and that evidence of each robbery is sufficient to be offered on the other under Federal Rule of Evidence 404(b). These factors, plus the judge's ability to offer a proper limiting

---

[1]See findings below.

instruction, will likely eliminate any undue prejudice to the defendant. Similar circumstances attending the trial in L'Allier supported affirmance of the convictions. 838 F.2d at 241-42.

For these reasons, the motion for severance will be denied.

Motion to suppress identifications

Defendant has moved to suppress the identification evidence acquired by the government. From the evidence adduced at the hearing, the undersigned makes the following findings of fact and conclusions of law:

**FACTS**

1. On April 29, 2004, the UMB Bank in St. Charles, Missouri, was robbed. At approximately 3:00 p.m. a slender, black man walked into the bank and up to the teller counter. He handed the teller a written note that demanded money in $100 and $50 denominations. The note said he had a gun and would shoot. The teller handed the robber money and he walked out. No weapon was seen and the bank area of the robbery remained calm. Witnesses described the robber as a black man, between 5 feet one inch and 5 feet 4 inches tall, slender of build, wearing a jacket and a "beenie" or stocking cap, and missing upper front teeth. Witnesses said the robber walked out of the bank toward the car wash on the east side of the bank.

2. On March 14, 2005, the same UMB Bank in St. Charles, Missouri was robbed at approximately 1:00 p.m. Witnesses recounted that the robber was a black man who walked into the bank calmly, wearing a jacket and a hat. One bank employee immediately recognized the bank robber as the person who robbed the bank on April 29, 2004. Witnesses saw the person walk to the teller counter and hand a note to the teller demanding that money be handed over. The teller handed over money to the robber who put the money in a plastic bag and then walked out of the bank. Again the atmosphere of the robbery was calm; there was no shouting or screaming. Witnesses described the robber as being a short, black male, thin of build, and missing upper front teeth. Witnesses saw the robber walk out of the bank toward the car wash next door.

3.   A short time later on March 14, police went to the bank to investigate the robbery.  Witnesses told the police that the robber walked toward the car wash next door to the bank and entered a silver/grey Ford Focus.

4.   Later during March 14 and coincidentally, a St. Charles, Missouri, police officer stopped the silver/grey Ford Focus being driven by defendant Robert Bell.  Also inside was passenger Daryl Jones.  The officer got out of his vehicle, walked up to Bell in the driver's seat and asked for his driver's license.  Bell handed over his license.  After taking the license, the officer returned to his police car to conduct his traffic stop business.  Without being directed to do so, Bell got out of his auto and asked the officer what was going on.  The officer told Bell to get back in his car, which he did.

5.   After he reentered the Ford Focus as directed, Bell turned on the engine and sped from the scene and a high speed police pursuit followed.  Some distance away, Bell stopped the car, got out, and ran from the police.  Bell's passenger remained in the Focus, was arrested, and was interviewed at the scene.

6.   The police showed Jones the driver's license Bell had given the officer a little earlier.  The officer asked Jones whether or not the photo on the driver's license was the driver.  Jones said it was and that he knew the driver only as "D."  Jones also told the police that he was not related to the driver.

7.   Still later on March 14, 2005, the police interviewed Shaunda Brown, Daryl Jones's girlfriend, and Edna Bell, defendant's mother. Shaunda Brown and Edna Bell went to the police station on their own. The police learned that Daryl Jones is Robert Bell's nephew.  During their interview of her, the police showed Shaunda Brown a copy of a bank surveillance photograph of the robber of April 29, 2004.  Ms. Brown told the police that the person in the photograph "looks like" Bell.  Edna Bell, when shown the same photo, told the police that the photo did not look like Robert Bell.

**DISCUSSION**

Defendant argues that the identification evidence described in the evidence adduced during the suppression hearing should be suppressed. Under the Due Process Clause, identification evidence may be suppressed if it results from procedures that are unnecessarily suggestive and that may lead to an irreparably mistaken identification. Stovall v. Denno, 388 U.S. 293, 301-02 (1967). Such an identification, however, may be admissible if it is nonetheless reliable. Neil v. Biggers, 409 U.S. 188, 198 (1972). In the circumstances of this case, the reliability of the identification testimony depends upon (1) the witness's opportunity to view the suspect; (2) the witness's degree of attention to the suspect; (3) the accuracy of the witness's description of the suspect prior to the identification; (4) the witness's level of certainty at the time of the identification; and (5) the length of time between the viewing of the suspect and the identification. Manson v. Brathwaite, 432 U.S. 98, 114-16 (1977).

Very often identification testimony is by a witness to a crime who identifies a person or a photograph as being the person who committed the crime. However, in this case, the witnesses are Shaunda Brown, the girlfriend of Daryl Jones, defendant's nephew, and Daryl Jones. They were not witnesses to either of the bank robberies. As witnesses, Shaunda Brown identified a single bank surveillance photograph taken during the 2004 robbery as looking like defendant, and Jones identified the single photograph on defendant Bell's driver's license as looking like the driver of the Ford Focus that fled from police.

The identification evidence provided by Daryl Jones is reliable. There is no doubt that as he rode with defendant Bell in the Ford Focus as it was first pulled over and then sped away from the police, Jones had a very substantial opportunity to be very familiar with the face of Bell, and, since he is Bell's nephew, it is most likely that he was in the Focus in the first place because he had a social relationship with Bell. Manson v. Brathwaite factors (1), (2), and (4) militate greatly in favor of reliability. Factor (3) is not relevant because there is no evidence that Jones gave the police a description of the driver before being shown the driver's license. Factor (5) also militates in

favor of reliability because there was a very short period of time between Bell's flight from the Ford Focus and the police showing Jones the driver's license. The hearing evidence about Jones's being untruthful to the police may be subjects for cross-examination, but they do not detract from his otherwise reliable statement. For these reasons, the motion to suppress Jones's identification testimony should be denied.

The motion to suppress Shaunda Brown's identification testimony should be sustained, because there was no substantial evidence adduced at the hearing that indicated she was familiar with Bell. The only evidence of her opportunity to be familiar with the appearance and physical characteristics of defendant Bell is that she is the girlfriend of Daryl Jones, Bell's nephew.

Whereupon,

**IT IS HEREBY ORDERED** that the motion of the government for a pretrial determination of the admissibility of evidence (Doc. 37) is denied as moot.

**IT IS FURTHER ORDERED** that the motion of defendant Bell for severance of counts (Doc. 39) is denied.

**IT IS HEREBY RECOMMENDED** that the motion of defendant to suppress identifications (Doc. 38) be sustained only as to the testimony of Shaunda Brown. As to the testimony of Daryl Jones, the motion should be denied.

The parties are advised they have until July 24, 2007,[2] to file written objections to this Order and Recommendation. The failure to file objections may result in a waiver of the right to appeal issues of fact.

                                              /S/ David D. Noce
                                              **DAVID D. NOCE**
                                              **UNITED STATES MAGISTRATE JUDGE**

Signed on July 13, 2007.

---

[2] This is 11 calendar days from today. See Federal Rule of Criminal Procedure 45(a)(2).