UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ROBERT D. BELL, )<br>)<br>Defendant. ) | Case No. 4:06CR00060 ERW<br>(DDN) |

**<u>ORDER</u>**

This matter is before the Court upon the Report and Recommendation of United States Magistrate David D. Noce [doc. # 46] pursuant to 28 U.S.C. § 636(b). Defendant filed Objections to the Report and Recommendation on July 23, 2007 [doc. #48]. The Court has reviewed Defendant's Objections. *See United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (district court must conduct "de novo review of the magistrate judge's proposed findings . . . insofar as [the defendant] objected to those findings").

First, Defendant objects to the Magistrate's finding that joinder of the two separate bank robbery offenses, in one indictment, is proper. Defendant states that joinder of the offenses in the same indictment and trial will result in unfair prejudice to the Defendant, which will deprive him of his right to a fair trial. After considering the facts, the Court has determined that Counts I and II charged Defendant with bank robbery of the same bank on two separate occasions, as explained in detail by the Magistrate. *See* Rep. and Recom. at 2-4. The Magistrate also noted that the government has indicated it intends to offer evidence of the similarities of the two robberies under the Federal Rule of Evidence 404(b). *Id*. Because evidence of both robberies would have been

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

admissible in separate trials, Defendant will not be prejudiced by a denial of a motion for severance.  *See United States v. Boyd*, 180 F.3d 967, 981 (8th Cir. 1999) ("a defendant does not suffer any undue prejudice by a joint trial if the evidence is such that one crime would be probative and admissible at the defendant's separate trial of the other crime"); *United States v. L'Allier*, 838 F.2d 234, 241 (7th Cir. 1998) ("Evidence of one robbery would have been admissible, with a proper limiting instruction, in a separate trial of the other robbery to establish the bank robber's *modus operandi*.").  The Court therefore concludes that the Magistrate's findings, regarding joinder of the offenses at issue, are proper.

Second, Defendant objects to the Magistrate's conclusion that the identification testimony of witness Daryl Jones is reliable and admissible.  According to Defendant, there was insufficient evidence to support the finding that the identification testimony of witness Daryl Jones is reliable and admissible.  In determining whether identification testimony is reliable, the court examines five factors, namely, the witness's opportunity to view the defendant, the witness's degree of attention, the accuracy of any prior description given by the witness, the witness's level of certainty in her identification and the length of time between the occurrence described and the confrontation.  *Neil v. Biggers*, 409 U.S. 188, 115 (1972); *Manson v. Brathwaite*, 432 U.S. 98, 114-116 (1977).

After considering the relevant factors identified in *Biggers*, the Court has determined that the identification evidence provided by Daryl Jones is reliable.  Mr. Jones, Defendant's nephew, was in the car with Defendant when police officers first stopped the vehicle Defendant was driving and also when Defendant later sped away from the police.  As explained in detail by the Magistrate, Mr. Jones thus had the opportunity to view Defendant, had good reason to pay close

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

attention to the situation and was certain of the identification. Further, the identification occurred immediately after the incident. *See* Rep. and Recom. at 5-6. Therefore, Defendant's objections to the reliability of Mr. Jones' identification are without merit.

Accordingly, after review of the record and consideration of the issues, the Court hereby sustains, adopts and incorporates herein the Magistrate's Report and Recommendation.

**IT IS HEREBY ORDERED** that Defendant's Motion to Suppress Identifications [doc. #38] is **DENIED, in part**. Defendant's Motion to suppress Shaunda Brown's identification testimony is sustained. Defendant's Motion to suppress Daryl Jones' identification testimony is overruled.

**IT IS FURTHER ORDERED** that Defendant's Motion to Sever Counts [doc. #39] is **DENIED**.

**IT IS FURTHER ORDERED** that the United States' Motion for a pretrial determination of the admissibility of evidence [doc. #37] is **DENIED**, **as moot**.

Dated this 24th day of July, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com